VANCE, Circuit Judge:
The appellants challenge the bankruptcy court’s decision allowing a claim for $14,-557,754 against the bankrupt estate and in favor of the Miami Center Joint Venture (“MCJV”). The facts in the underlying bankruptcy case and relationships among the parties are complex and have been stated in numerous published decisions. See, e.g., Holywell Corp. v. Bank of New York, 59 B.R. 340 (S.D.Fla.1986), vacated with instructions to dismiss, Miami Center Ltd. Partnership v. Bank of New York, 838 F.2d 1547 (11th Cir.1988) (instructing district court to dismiss as moot appeal of bankruptcy court’s confirmation order). We therefore summarize only those facts pertinent to our resolution of this appeal.
The Miami Center Limited Partnership (“MCLP”) was the developer of the Miami Center Project, a luxury office, hotel, and parking development in downtown Miami. In May 1981 MCLP leased $7.775 million worth of furniture, fixtures, and equipment (“FF & E”) from MCJV under two virtually identical lease agreements. Both leases contained the following option to purchase clause:
Lessee shall have the option to purchase at any time all, but not less than all, the [FF & E] at a price equal to the fair market value thereof....
On August 22, 1984, MCLP was among five debtors involved in the Miami Center Project that filed for reorganization under chapter 11 of the Bankruptcy Code, 11 U.S. C. §§ 1101-1174. The Bank of New York, the construction lender to the project, proposed a plan of reorganization that was accepted by all creditors but was opposed by the five debtors. Under the terms of the plan, a purchaser designated by the Bank was to buy the Miami Center Project for $255.6 million. This price included the purchase of the FF & E. The plan required the liquidating trustee to take any action necessary, including the exercise of the purchase options in the FF & E leases, to obtain title to the FF & E so that the trustee could convey title to the FF & E to the purchaser at closing. The plan also provided that the total price to be paid by the purchaser would be reduced by the value of the FF & E if for some reason the liquidating trustee could not obtain title to the FF & E.
The bankruptcy court confirmed the plan and on October 10, 1985, all of the debtors’ property was transferred to the liquidating trustee. The trustee then delivered title to the FF & E to the purchaser.
MCJV filed the claim at issue against the trustee, as successor in interest to MCLP, for the unpaid rent and purchase option price of the May 1981 leases. The court allowed the claim, ruling that (1) MCLP exercised the purchase option at or before *782 October 10, 1985, (2) title to the FF & E passed to the liquidating trustee on October 10, 1985, (3) the trustee then sold the FF & E to the purchaser as part of the $255.6 million sale of the Miami Center Project. In re Holywell, 75 B.R. 793 (Bankr.S.D.Fla.1987). The court calculated the amount due MCJV to be $14,557,754. This figure consisted of $6,112,318 in unpaid rent from May 1981 until October 10, 1985, $2,478,818 in interest on the past due rent, $4,986,900 for the purchase option price, and $979,718 in interest on the purchase option price. Id. at 796.
The district court affirmed in an unpublished decision and several debtors and creditors now appeal to this court. The appellants are MCLP, MCJV, the Olympia & York Florida Equity Corporation (“O & Y”), Holywell Corporation (“Holywell”), and Theodore B. Gould. O & Y is a major creditor of MCLP. Holywell and Gould are two of the five bankrupt debtors. The appellee is the Bank of New York.
The appellants offer various arguments to support their contention that the bankruptcy court erred in concluding that title to the FF & E passed to the liquidating trustee on October 10, 1985, and that the court’s resulting calculations and imposition of liability therefore were incorrect. Passage of title of the FF & E to the liquidating trustee, however, was part of the confirmed plan of reorganization. We have already held that “the plan ha[s] been substantially consummated ... and that it ha[s] become legally and practically impossible to unwind the consummation of the plan or otherwise to restore the status quo before confirmation.” Miami Center Ltd. Partnership v. Bank of New York, 838 F.2d 1547, 1557 (11th Cir.1988). The issue argued by appellants is therefore moot. Id.
Appellants MCLP, Holywell, and Gould also attempt to raise a fraud claim against the Bank of New York. These three appellants, however, did not raise a fraud claim in the bankruptcy court or in the district court. This court will not consider an issue raised for the first time on appeal unless the interest of substantial justice is at stake. Response of Carolina, Inc. v. Leasco Response, Inc., 537 F.2d 1307, 1324 (5th Cir.1976). Appellants’ fraud claim does not present such an interest.
The judgment of the district court is AFFIRMED.